UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

SUSAN BRESEMAN WALTER, *as*
*natural parent of* GREGORY O. WALTER
and CHRISTOPHER S. WALTER, *infants and*
*Susan Breseman Walter, individually*,
HOWARD N. KEENER, JR.
*as natural parent of* THAD KEENER,
*an infant, and Howard N. Keener, Jr. individually,*
MOSTASA SHAABAN, and
AZIZA SHAABAN*, as natural parents of*
SAMI SHAABAN*, an infant,* and
*Mostasa Shaaban and Aziza Shaaban, individually,*
JAMES F. HORES and SANDRA P. HORES*,*
*as natural parents of* BRIAN HORES, LIANE J. HORES
and BRENT HORES*, infants,*
and *James F. Hores and Sandra P. Hores, individually,*
JOHN F. PRICE*, as natural parent of*
DAVID PRICE, DOUGLAS PRICE
and, GREGORY PRICE*, infants,*
and *John F. Price, individually;*
*and on behalf of all others similarly situated,*
BETTY JO LLOYD, *an individual,*
FLORETTE S. ANGEL, *an individual,*
THE NATIONAL COUNCIL OF JEWISH
WOMEN - CHARLESTON,
WEST VIRGINIA SECTION, INC.
*a non-profit corporation;* and
WEST VIRGINIA CIVIL LIBERTIES UNION,
a non-profit corporation,

   Plaintiffs,

v.                  CIVIL ACTION NO.  5:84-cv-05366

WEST VIRGINIA BOARD OF
EDUCATION,
ROY TRUBY, as
*Superintendent of the West Virginia Board of Education*
EDWARD LAKEY, as
*Superintendent of Kanawha County Board of Education,*
KANAWHA COUNTY BOARD OF EDUCATION,

GEORGE M. EDWARDS, as
*Superintendent of Fayette County Board of Education,*
FAYETTE COUNTY BOARD OF EDUCATION,
JAMES D. LANNAN, as
*Superintendent of Jackson County Board of Education,*
JACKSON COUNTY BOARD OF EDUCATION,
*and all other similarly situated county*
*superintendents of schools and county*
*boards of education.*

        Defendants.

## MEMORANDUM OPINION AND ORDER

On March 13, 2025, the Attorney General of West Virginia ("Attorney General"), acting on behalf of the State of West Virginia, filed a Motion to Intervene and to set a briefing schedule. [ECF 13, 14]. On the same date, the Attorney General also filed a Motion to Vacate Order Granting Declaratory and Injunctive Relief. The subject Order Granting Declaratory and Injunctive Relief was filed March 14, 1985. [ECF 15, 17].

The first-listed Defendant in the case style above is the West Virginia Board of Education. It seems beyond peradventure now -- and frankly for decades -- that the West Virginia Board of Education is an "an arm of the state of West Virginia . . . ." *Workman v. Mingo Cnty. Sch.*, 667 F. Supp. 2d 679, 687 (S.D. W. Va. 2009); *Kondos v. W. Virginia Bd. of Regents*, 318 F. Supp. 394, 396 (S.D.W. Va. 1970) ("The highest court of the state of West Virginia has determined that West Virginia Board of Education . . . is an agency and arm of the state . . . ."); *B.E. v. Mount Hope High Sch.*, No. 2:11-CV-00679, 2012 WL 3580091, at *6 (S.D. W. Va. Aug. 17, 2012) ("This conclusion is bolstered by the fact that the State Board, the Department, and the State Superintendent *are all the state of West Virginia*. Suits against the State Board, the Department,

and the State Superintendent are actually suits *against the State of West Virginia*.") (emphasis added).

The Court detects no need for the State of West Virginia to seek intervention in a case where it is already practically -- if not actually -- a party. Accordingly, the Motion to Intervene is **DENIED** as moot.

Another matter also requires discussion. The Motion to Vacate does not include a certificate of service. *Federal Rule of Civil Procedure* 5(a)(1) states "unless the rules provide otherwise, each of the following papers must be served on every party:"

> (A) An order stating that service is required; (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants; (C) discovery paper required to be served on a party, unless the court orders otherwise; (D) *written motion, except one that may be heard ex parte*; and (E) written notice, appearance, demand, or offer of judgment, or any similar paper.

Fed. Civ. P. Rule 5(a)(1)(A)-(E) (emphasis added). The Rule provides additionally as follows:

> No certificate of service is required when a paper is served by filing it with the court's electronic-filing system. When a paper that is required to be served is served by other means: (i) if the paper is filed, a certificate of service must be filed with it or within a reasonable time after service; and (ii) if the paper is not filed, a certificate of service need not be filed unless filing is required by court order or by local rule.

Fed. Civ. P. Rule 5(d)(1)(B)(i)-(ii); *see also* L.R. Civ. P. 5.1(e) (providing "Because the electronic notification also identifies parties and/or attorneys that are NOT registered users of the system, the filer is responsible for serving copies of pleadings on unregistered users by other means. A certificate of service should be electronically filed with the Court anytime a document must be served by other than electronic means.").

Given the age of the case, not to mention that electronic filing did not exist in its present form decades ago when the case was active, the Movant must (1) accomplish personal

3

service on the named parties or their counsel, and (2) reflect the same on a proper certificate of service. Accordingly, the Movant is **ORDERED** to address those two matters forthwith and to file the subject certificate of service on or before **March 21, 2025**.

The Clerk is directed to transmit a copy of this written opinion and Order to counsel of record and any unrepresented party.

ENTER: March 14, 2025

Frank W. Volk
Chief United States District Judge